IN THE DISTRICT COURT IN AND FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO.

ADAM STAHURA,

    Plaintiff,

v.

PREMIER CREDIT OF NORTH AMERICA, LLC,

    Defendant.
_____/

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this District, and where Defendant transacts business in this district.

## PARTIES

4.    Plaintiff, ADAM STAHURA ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Escambia, and City of Pensacola.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Defendant, PREMIER CREDIT OF NORTH AMERICA, LLC ("Defendant") is a limited liability company who at all relevant times was engaged, by use of the mails and

telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA..

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with collection of an alleged debt in default, Defendant called Plaintiff's cellular telephone on March 12, 2011 at 7:48 A.M., a time Defendant knew or should have known to be inconvenient for Plaintiff.

12. Defendant called Plaintiff's cellular telephone on March 12, 2011 at 7:49 A.M., a time Defendant knew or should have known to be inconvenient for Plaintiff.

13. Defendant called Plaintiff's cellular telephone on March 22, 2011 at 7:26 A.M., a time Defendant knew or should have known to be inconvenient for Plaintiff.

14. Defendant called Plaintiff's cellular telephone on March 25, 2011 at 7:24 A.M., a time Defendant knew or should have known to be inconvenient for Plaintiff.

15. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

16. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

17. Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATIONS OF THE SECTION 559.72(17) OF THE FCCPA

18. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-15 of this complaint.

19. Defendant violated §559.72(17) of the Florida Consumer Collection Practices Act by communicating with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor.

20. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, ADAM STAHURA, by and through his attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Emotional and/or mental anguish damages;

    c. Statutory damages of $1,000.00;

    d. Plaintiff's attorneys' fees and costs;

    e. Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

21. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 28th day of September, 2011.

    Respectfully submitted,
    **ADAM STAHURA**

    By: s/ Alex D. Weisberg
    ALEX D. WEISBERG
    FBN: 0566551
    WEISBERG & MEYERS, LLC
    ATTORNEYS FOR PLAINTIFF
    5722 S. Flamingo Rd, Ste. 656
    Cooper City, FL 33330
    (954) 212-2184
    (866) 577-0963 fax
    aweisberg@attorneysforconsumers.com